JAMES CARUTHERS administrator, *vs.* ELIZA G. WILSON.

It is no answer to the petition of a widow for dower, in her deceased husband's. real estate, that she has disposed of his whole personal estate of greater value than the dower in the realty, she was seeking to obtain.

A sale of the personal estate by a widow, or the removal by her of the slaves, cannot affect the rights, either of the administrator or of the creditors.

The probate court has full jurisdiction in regard to the allotment of dower.

It is sufficient to entitle a widow to dower, that her husband was seized during coverture, and that she has never conveyed away, or aliened her right.

The probate court has no jurisdiction to enter into an inquiry, whether a widow applying for dower, in the realty, has tortiously appropriated property of her husband, and on that account is not entitled to dower.

THIS cause is brought by appeal from the probate court of Holmes county.

Eliza G. Wilson applied for dower, by petition to the probate court, in the real estate of William L. Wilson, her deceased husband. The petition described the realty, and prayed an assignment of her dower interest.

James Caruthers, filed an answer to this petition.

He admitted that the petitioner was the widow of William L. Wilson, deceased, and that at the time of his death, the decedent was seized of the land described in the petition.

He stated that at the time of Wilson's death, he was largely indebted, to an amount greater than all his property, real and personal, was sufficient to pay; that many of these debts were in the shape of judgments.

That at the time of his death, Wilson owned twelve negroes, and other personal property; that he, the respondent, had been by the proper court duly appointed administrator, &c., of his estate, and he exhibited his letters.

That after Wilson's death, and before the estate came into his own possession, the petitioner had sold all the personalty of her husband except the negroes, and had appropriated the proceeds to her individual use, and had removed the negroes out of this

State, where she had them then in her possession, claiming them as her own, whereby the creditors were deprived of their debts; that the property so taken, and converted to her own use by the widow, was of greater value than her dower in the realty, which she was applying for, and, therefore, that her petition for dower should be disallowed, at least until she should return the personal property and slaves so abducted by her.

It was admitted that seven of the slaves spoken of, had been attached in Tennessee, by one of the creditors of her deceased husband.

This answer was under oath.

The probate court decreed the dower to be allotted to the widow, and ordered five free holders, according to the statute, to be summoned to assign it; from which decree the defendant appealed.

*Landsdale*, for appellant.

By the common law it was the duty of the heir to endow the widow, and the administrator had nothing to do with it. But by the statutes of this State, an entirely new rule is established. See How. & Hutch. Dig. p. 352 § 44.

It is respectfully contended that by the statute, the whole proceeding is one in the nature of a bill in equity, and that any fact which shows that *ex æquo et bono*, she ought not to be endowed, will defeat her. A more bare faced and unconscientious case than the present, it is believed, cannot be found. Here the widow has possessed herself of the whole personal property, left the debts unpaid, and remains herself out of the reach of our courts, and yet asks to have one third of that which she could not carry away with her.

It is not stated in the answer, nor is it true that the widow had any claim to the property, but that she now claims it as her own. It is expressly alledged in the answer, that the negroes belonged to the decedent at the time of his death, and by setting down the cause upon the bill and answer, everything stated in the answer is admitted to be true. A reversal of the cause is respectfully asked.

*Brooke*, for appellee.

This was an application by the appellee, for an assignment of dower in lands, of which her husband died seized. The application was opposed by the administrator of the husband, because the appellee had disposed of a large amount of the personal estate of her husband, and had taken off his negroes beyond the State where she sets up claim to them as her own. The court, however, granted her petition, and ordered her dower to be assigned her. This is the error complained of by appellants.

It is contended on the part of the appellee, 1. That the administrator, before an estate is declared to be insolvent, has no concern with the lands belonging to his intestate; he, therefore, could have no right to contest a claim for dower. The fact of the insolvency of Wilson's estate, is, it is true, alledged in the answer to the petition. But it does not appear in the record, ever to have been declared so by order of the probate court, or any steps to have been taken by the administrator, to this effect. Such declaration by the probate court, it is conceived, is necessary to give the administrator authority to act in reference to the lands. 2. If the widow acted improperly in disposing of the personal estate, she would be liable, at the suit of the creditors, as executrix *de son tort*. The court of probate would have no authority to fix liability on her thus incidentally. But the answer states that she claims the negroes as her own. 3. If she has a right to them, or thinks she has, she certainly is entitled to assert this right; and the probate court could not, in this incidental manner, decide on the validity of her claim. It would certainly be an unusual state of things, for a probate court to try an action of trover and detinue, on an application for the allotment of dower. The court, therefore, could do no otherwise than grant the prayer of the petition.

Mr. Justice Clayton delivered the opinion of the court.

This was a petition filed by the widow of the decedent, in the probate court of Holmes county, against the administrator, to obtain an allotment of dower. The administrator opposed, as a bar to her claim, the fact that the petitioner had made way with

and disposed of, the whole personal estate of the decedent, con-
sisting of slaves and other personalty, of greater value than her
dower in the real estate, which was all that was sought by the
petition.    The probate court granted the application, and direct-
ed the dower to be laid off, from which order the cause is brought
to this court.

It is difficult to discover any principle on which the court
could have made a different decision.    A sale of the personal
estate by the widow, or running off the slaves, could not affect
the rights, either of the administrator or of the creditors.    It
might occasion some trouble and embarrassment in the opera-
tion and exercise of their rights, but it could not impair or alter
them.    A transfer by any one, without competent authority,
would not affect the title. ·

The probate court has full jurisdiction in regard to the allot-
ment of dower.    The seisin of the husband during the cover-
ture, connected with the fact of non-alienation on her part, seem
to be quite sufficient to establish the claim of the widow.    *Ran-
dolph* v. *Doss and wife*, 3 How. 205.    But if a collateral inquiry
is to be instituted, whether the widow has been guilty of tortious
acts, and has appropriated property which does not belong to
her, but to the estate, before her right to dower is to be recogniz-
ed, it will call for very different powers from those which belong
to a probate court in the exercise of its acknowledged jurisdic-
tion.    The proceeding, instead of a summary one, as directed
by the statute, may become almost interminable.

As between the widow and the administrator, or the creditors,
this is not the mode to try the right to the personal estate, or to
try whether the widow has committed trespasses upon the es-
tate.    These must be laid wholly out of the view, and when
put aside, there is nothing in the case to prevent the allowance
of dower.    For any wrongful acts, the petitioner will be respon-
sible in another form of proceeding.

*The decree of the probate court will therefore be affirmed.*